# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# SIOUX CITY DIVISION

RECEIVED

AUG 08 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

**DEVERY HIBBLER**
     **Movant,**

**v.**

                 **No.** 5:23-cv-04044-LTS-KEM
                    **(5:16cr04009-003)**

**UNITED STATES OF AMERICA**
     **Respondent,**

---

## MOTION UNDER 25 U.S.C. § 2255
## TO VACATE, SET ASIDE, OR CORRECT
## A SENTENCE IMPOSED BY A
## FEDERAL DISTRICT COURT

---

COMES NOW DEVERY HIBBLER, Movant/Petitioner, *Pro Se*, and moves this Honorable Court to issue an order vacating, setting aside and/or correcting his sentence under 28 U.S.C. § 2255, based upon the following:

### PRELIMINARY STATEMENT

On June 16, 2023, the United States Supreme Court considered the question of whether – in cases where a person is convicted under 18 U.S.C. § 924(j) – the bar on concurrent sentences found in 18 U.S.C. § 924(c) extends to a sentence imposed under the other subsection (924(j)). The Court held that it does *not. Lora v. United*

1

*States*, 599 U.S. _____ (2023). Petitioner/Movant now seeks relief of this Court in light of this recent ruling, as he was given consecutive sentences under this format.

## BACKGROUND

Movant/Petitioner (Petitioner) was convicted out of the Northern District of Iowa on September 1, 2016 for (1) *Interference with Commerce by Robbery and Aiding and Abetting the same in violation of 18 U.S.C. §§ 1951 and 2 (Count 3), and (2) Use of a Firearm During and In Relation to a Crime of Violence . . . causing Death and Aiding and Abetting the same, in violation of 18 U.S.C. § 924(j) and 2 (Count 5).* Petitioner pleaded guilty to both counts receiving a 420 month sentence characterized by the Sentencing Court as a sentence "consist[ing] of a 240-month term imposed on Count 3 and a 180-month term imposed on Count 5 of the Superseding Indictment, with the term imposed on Count 5 to be served *consecutively* to the term imposed on Count 3." (Doc. 128 at 2).

## WAIVER OF APPEAL
## OR
## COLLATERAL ATTACK

In the plea agreement contract with the United States, Petitioner agreed to "waive the right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. § 2255, 28 U.S.C. § 2241, *Coram Nobis*, (Doc 93-2 at 19)," with three (3) enumerated exceptions: "*(1) if the sentence is not in accordance with this plea*

2

*agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; and*

*(3) if the sentence is constitutionally defective." (id.)*

## JURISDICTION

This Court has jurisdiction to hear this Motion under Section 2255 of Title 28 of the United States Code, as it is the Court which entered the judgment under which the Petitioner is currently in custody.

## TIMELINESS

Section 2255 motions generally must be filed within one year of the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255(f). However, under § 2255(f)(3), the "1-year period" of limitation for filing begins on the *"date on which [a] right [is] initially recognized by the Supreme Court, if that right has been newly recognized by the [ ] Court and made retroactively applicable on collateral review . . ."* 28 U.S.C. § 2255(f)(3). As aforementioned, the date on which the newly recognized right by the Supreme Court was established was on June 16, 2023 in *Lora v. United States, supra.*

## STATEMENT OF LAW AND ARGUMENT

As previously stated, Petitioner was convicted of Count 5 under 18 U.S.C. § 924(j) and punished by imposition of consecutive sentencing, coupled and added to the other count (Count 3), which encapsulated the violation under § 1951 and § 2 of the Title 18; which was the followed rule then in practice secondary to the

3

interpretation that "Congress incorporated Section 924(c) *as a whole* into Section 924(j)." (Brief for the United States (*Lora, supra) at 15*). Summarizing the Supreme Court's recent holding as to this is: § 924(c)'s exception provides: no term of imprisonment "under this subsection shall run concurrently with any other term of imprisonment," and that such has been used as a rule to impose consecutive sentences for violators of another subsection, § 924(j). Yet the Court held that § 924(c)(1)(D)(ii)'s bar on concurrent sentences does *not* govern a section 924(j) sentence for causing the death of another by use of a firearm. Thus, the question here is not whether Petitioner was convicted under 924(j), and was then subsequently given a sentence imposed consecutively to the previous court based upon the Court's imposition of a consecutive period of incarceration founded upon the application of the penalty asseverations derived from § 924(c) and then overlaid upon Section 924(j), for indeed – in both cases – the forgoing is true. The question remains however – and is – how (and/or *if* even) that the Petitioner may benefit from this ruling. Thus, this inquiry turns then on the cognizability of this new rule in the instant case, and that being in the form of its force (or not) *retroactively*.

Case 5:23-cv-04044-LTS-KEM    Document 1    Filed 08/08/23    Page 4 of 13

**REQUISITE RETROACTIVITY**
**OF *LORA***
**UNDER *TEAGUE*[1]**

As a general matter, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *id.* at 310. Nonetheless, Article I of the United States Constitution delineates that it is the duty of Congress *alone* to formulate and enact policy of the United States in every statutory context; under Article II, the government is to follow – and not deviate from – the laws set forth by Congress. To include neither taking away from, nor adding to, them in the area of the imposition of penalties sought against any criminal defendant; Finally, Article III then restricts the discretion of the Courts only to that provided by Congress, except in those cases where Congress may codify a law in contradiction of its own limitations, as provided in the United States Constitution. Accordingly, in the context of the above-quoted "*Teague* rule," both *Teague* and its progeny have recognized – and reaffirmed on several occasions – that *substantive* violations of the Constitution, and therefore the rules established by the Supreme Court to rectify them, where previously they were abridging the rights of criminal defendants (as to relevance to the instant, where persons are punished much more harshly than Congress has intended), that such violations of due process are

---

[1] *Teague v. Lora*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989).

5

found – in certain instances – to "fall outside [of the] general bar on retroactivity." *Welch v. United States,* 578 U.S. 120; 136 S. Ct. 1257, 194 L.Ed.2d 387 (2016).

### -*LORA* Announced a *New Rule*

It should be considered indisputable that *Lora* announced a new rule, as "a case announces a new rule if the *result* was not *dictated* by *precedent* existing at the time the defendant's conviction became final," *Teague, supra,* at 301. The question here is whether that new rule falls into the category of one having *retroactive effect* under *Teague.* Thus, as to whether the rule announced in *Lora* is a *substantive* rule of constitutional (or constitutionally interested and contemplated) implication.

"A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin,* 542 U.S. 348, 353, 124 S. Ct. 2519, 159 L.Ed.2d 442 (2004). "This *includes* decisions that *narrow the scope of a criminal statute by interpreting its terms, as well as* constitutional determinations that place particular conduct or persons covered by the statute beyond the [government's] *power to punish." id.,* at 351-352.

### -*LORA's* Implications on the Instant Case.

Again, Petitioner was convicted under 18 U.S.C. § 924(j) and punished by the imposition of consecutive sentencing coupled and added to other counts of conviction in the underlying criminal case. This was done secondary to the government and the court's interpretation that "Congress incorporated Section

6

924(c) *as a whole* into Section 924(j)." (Brief for United States, *Lora, id*, at 15). In the Supreme Court's rejection of that view, the Court did not merely "regulate only the manner of determining the defendant's culpability." *Schriro, supra*, 542 U.S. 348, 351, 124 S. Ct. 2519, 159 L.Ed.2d 442 (2004). Indeed, the defendant's culpability in *Lora* was not at issue, nor the procedural due process implications involved in how that culpability is ascertained, but instead *Lora* turned on – and limited – the government's "power to punish" *id.* at 351-352, 124 S. Ct. 2519, 159 L.Ed.2d 442 (citation omitted); see *Montgomery v. Louisiana*, 577 U.S. 190, 198, 136 S. Ct. 718, 728, 193 L.Ed.2d 599, 613 (2016), by striking down the former rule followed by courts where the defendant was subject to punishment in greater severity and duration by allowing the consecutive requisite of § 924(c) to effectuate under 924(j). Accordingly, Petitioner/Movant now moves the Honorable Court to issue an order certifying that Movant's reliance upon *Lora* indeed qualifies as a challenge under § 2255 based upon a new rule of constitutional law, made automatically retroactive to cases on collateral review by the United States Supreme Court previously unavailable on direct review. *id.* § 2255(f)(3); allowing the Movant the benefit and enjoyment of the Court's ruling as to the general exception to the standard rule of no retroactive application of new constitutional rules of criminal procedure announced in *Teague v. Lane*, 489 U.S. 288, 310, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989).

7

Under the framework announced in *Teague*, the rule set forth an announced in *Lora* is substantive. By striking down the previous rule of applying Section 924(c)'s bar on concurrent sentences to § 924(j) convictions, *Lora changed* the substantive *reach* of 18 U.S.C. § 924(c), effectively *altering* "the range of conduct or the class of persons that the [statute] punishes" *Shriro, supra*, at 353. Before *Lora* the government sought and obtained more severe punishment under § 924(j) than is now possible, by obtaining consecutive sentences from the federal district courts against criminal defendant's by means of a now-declared unlawful extension of *another* law, 18 U.S.C. § 924(c). Now, after *Lora*, a defendant is *no longer subject* to a forcible and mandatory consecutive sentence on top of whatever the predicate offense was. Neither does "[t]he *Teague* balance [ ] [ ] depend on whether the underlying constitutional guarantee is *characterized* as procedural or substantive. It depends on whether the new rule itself has a procedural *function* or a substantive function – that is [,again,] whether it alters only the procedures used to obtain [a] conviction, *or* alters instead the range of conduct or class of persons that the law punishes." *Welch, supra*, 578 U.S. at 131. "Decisions from [the Supreme] Court show that [even where] a rule [ ] is procedural for *Teague* purposes [it[ still can be *grounded* in a *substantive constitutional guarantee. id.* at 132. Yet, "[f]rom the converse perspective, there also can be substantive rules based on constitutional protections that, on [a] theory [that the government has] advance[d] [historically],

8

likely would be described as procedural. For instance, a decision that invalidates as void for vagueness a statute prohibiting 'conduct annoying persons passing by,' cf. *Coates v. Cincinnati*, 402 U.S. 611, 612, 614, 91 S. Ct. 1686, 29 L.Ed.2d 214 (1971), would doubtless alter the range of conduct that the law prohibits. That would make it a substantive decision . . . even if the reasons for holding that statute invalid could be characterized as procedural." *Welch, supra* at 132. In *Welch*, the government argued that *Johnson v. United States,*[2] was "not substantive because it [did] not limit Congress' power: [citing that] Congress is free to enact a new version of the residual clause that imposes the *same punishment* on the *same persons* for the *same conduct*, provided the new statute [be] precise enough to satisfy due process." *Welch, supra*, 578 U.S. at 133. In a similar was Congress could *choose* to *add to* 18 U.S.C. § 924(j) the same bar on concurrent sentences that does § 924(c). Nonetheless, in *Lora*, the Supreme Court "narrow[ed] the scope of [the] criminal statute [,18 U.S.C. § 924(c), as to its penalties] by *interpreting* its *terms*" to preclude their extension to § 924(j). The Court explained:

> "The government protests that it is "implausible" that Congress imposed the harsh consecutive sentence mandate under subsection (c) but not subsection (j), which covers more serious offense conduct. Brief for United States 9, 28-35. Yet that result is consistent with other design features of the statute.

---

[2] 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015). (held that the then operative "residual clause," of the Armed Career Criminal Act, 18 U.S.C.S. § 924(e)(2)(B)(ii), was void for vagueness.)

9

Congress plainly chose a different approach to punishment in subsection (j) than in subsection (c), first enacted in 1968 is full of *mandatory* penalties. It contains mandatory minimum years imprisonment and mandatory consecutive sentences. In fact, when subsection (j) was enacted in 1994, subsection (c) specified not just mandatory minimums, but exact mandatory terms of imprisonment, 18 U.S.C. § 924(c)(1) (1994 ed.) (*e.g.*, exactly five years imprisonment for the base subsection (c) offense).

Subsection (j), by contrast, generally eschews mandatory penalties in favor of sentencing flexibility. Unlike subsection (c), subsection (j) contains no mandatory minimums. Even for murder, subsection (j) expressly permits a sentence of "*any* term of years." § 924(j)(1) (emphasis added). This follows the same pattern as several other provisions enacted alongside subsection (j) in the Federal Death Penalty Act of 1994, 108 Stat. 1959. In those provisions, as in § 924(j)(1), Congress authorized the death penalty, but also a flexible range of lesser sentences for "any term of years," with no mandatory minimum or consecutive-sentence mandate.

(<em>Lora, supra</em>, at III, B)

Above, the Court clearly "interpret[s] the terms" of the statute. *Schriro*, at 351-352, and the result is that the government no longer holds "the power to punish" criminal defendants with mandatory consecutive-sentences under 18 U.S.C. § 924(j), pursuant to *Lora*. And the Petitioner falls into this category – as to mandatory consecutive sentences – by the former interpretation of the terms of § 924(c) and (j).

## REQUEST

WHEREFORE, PREMISES considered, Petitioner requests of this Honorable Court that it vacate his sentence, and conduct a resentencing in accordance with *Lora v. United States*, 599 U.S. _____ (2023).

Thank You and May God Bless You

Respectfully Submitted,                      Date: _8_ / _3_ / _2023_

_____
Devery Hibbler, Petitioner/Movant *Pro Se*

*This document is signed under penalty of perjury under 28 U.S.C. § 1746 *et. seq.*

11

Devery Hibbler
Register Number:
Federal Correctional Complex
P.O. Box 3000 - Medium
Forrest City, AR 72336

RECEIVED

AUG 08 2023

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

United States District Court
Sioux City Division
ATTN: Clerk of Court
320 Sixth St., Room 301
Sioux City, IA 51101

Dear Clerk of Court:

I am requesting that you provide me with a file stamped copy of the enclosed motion. Please send it to the address listed above.

Thank you for your time and attention to this matter.

Respectfully submitted,

Devery Hibbler
Petitioner, Pro Se

Devery Hibbler
Register Number: 15700-029
Federal Correctional Complex
P.O. Box 3000 - Medium
Forrest City, AR 72336



XRAYED US MARSHALS SERVICE

FEDERAL CORRECTIONAL INSTITUTION MEDIUM

DATE 8/2/23

"THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS."

United States District Court
Sioux City Division
ATTN: Clerk of Court
320 Sixth St., Room 301
Sioux City, IA 51101

LEGAL MAIL