# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

DEVERY HIBBLER,

        Movant,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C23-4044-LTS
(Crim. No. CR16-4009-LTS)

**INITIAL
REVIEW ORDER**

## I.  INTRODUCTION

This matter is before me on Devery Hibbler's pro se motion (Doc. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On January 20, 2016, the Grand Jury returned a one-count indictment (Crim. Doc. 2) against Hibbler. On April 19, 2016, a superseding indictment charged Hibbler with one count of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(d) and 846 (Count 1); one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (Count 2); one count of interference with commerce by robbery (and aiding and abetting the same) in violation of 18 U.S.C. §§ 2, 1951 (Count 3); one count of use of a firearm during and in relation to a crime of violence and a drug trafficking crime in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i), 924(c)(1)(C)(ii) and 924(c)(1)(C)(iii) (Count 4) and one count of use of a firearm during and in relation to a crime of violence and a drug trafficking crime causing death (and aiding and abetting the same) in violation of 18 U.S.C. §§ 2, 924(j) (Count 5). Crim. Doc. 40.

Pursuant to a Rule 11(c)(1)(C) plea agreement, Hibbler pleaded guilty to Counts 3 and 5 on June 10, 2016. Crim. Docs. 93, 97. The plea agreement included the parties'

stipulation to a total sentence of 35 years (420 months) of imprisonment and five years of supervised release. Crim. Doc. 93-2 at 11. The parties noted their understanding that the statutory construction of 18 U.S.C. §§ 924(c), (j) required consecutive sentences. *See* Crim. Docs. 93 at 8 n.9; 93-2 at 2, 12. With a total offense level of 40 and a criminal history category of five, Hibbler's sentencing guideline range was 360 months to life. Crim. Doc. 120 at 19. For Count 3, the statutory maximum term of imprisonment was 240 months. *Id.* For Count 5, the minimum term of imprisonment was 120 months and the maximum term was life. *Id*.

On September 1, 2016, I accepted the Rule 11(c)(1)(C) agreement and sentenced Hibbler to 420 months of imprisonment and five years of supervised release. Crim. Docs. 126, 128. That sentence comprised of 240 months on Count 3 and 180 months on Count 5, to be served consecutively. Crim. Doc. 128 at 2. Hibbler did not appeal.

On April 3, 2017, Hibbler filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. C17-4021-LTS, Doc. 1. Hibbler subsequently filed a motion (C17-4021-LTS, Doc. 2) to withdraw the § 2255 motion, which I granted on May 8, 2017. C17-4021-LTS, Doc. 3. Hibbler signed the present motion on August 3, 2023, and the court received it on August 8, 2023. Doc. 1.

## II. *INITIAL REVIEW STANDARD*

A prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside or correct a sentence. 28 U.S.C. § 2255(a). To obtain relief, a federal prisoner must establish:

> [T]hat the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or [that the judgment or sentence] is otherwise subject to collateral attack.

2

*Id.*; *see also* Rule 1 of the Rules Governing § 2255 Proceedings (specifying scope of § 2255). If any of the four grounds are established, the court is required to "vacate and set the judgment aside and [to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

Rule 4(b) of the Rules Governing § 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 432 U.S. 63, 75-76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. Section 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g., Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitation period is the one stemming from final judgment. If no appeal is taken, judgment is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants fourteen days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United*

3

*States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *see also* U.S. Sup. Ct. R. 13.

This is a strict standard with only very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> The Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (*quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)) (applicable to section 2254 petitions; *see also United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second or successive habeas motion. *Id.*

### III. INITIAL REVIEW ANALYSIS

Because the judgment against Hibbler was filed September 1, 2016, his appeal deadline expired 14 days later, on September 15, 2016. To be timely under § 2255(f)(1), the present motion needed to be filed by September 15, 2017, within a year of the final judgment. The motion is clearly untimely under § 2255(f)(1), but Hibbler asserts that

4

his motion is timely under § 2255(f)(3). Doc. 1 at 3. He argues that *Lora v. United States*, 599 U.S. 453 (2023), which held that § 924(j) does not require consecutive sentences, but instead allows the district court discretion to sentence consecutively or concurrently, applies to his case. Assuming *Lora* recognizes a newly-recognized right and applies retroactively, Hibbler's § 2255 motion would be timely because *Lora* issued June 16, 2023.[1] *See* 28 U.S.C. § 2255(f)(3).

Regardless, Hibbler's *Lora* claim is precluded by a waiver contained in the plea agreement. The agreement includes the following provision:

> Defendant also waives the right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. § 2255, 28 U.S. C.§ 2241, coram nobis, and motions to reconsider or reduce defendant's sentence. . . . Defendant retains the right to appeal or contest defendant's sentence in the following limited circumstances: (1) if the sentence is not in accordance with this plea agreement; (2) if the sentence imposed exceeds the maximum statutory penalty; and (3) if the sentence is constitutionally defective.

Crim. Doc. 93-2 at 19, ¶ 30. None of the retained limited circumstances apply. Hibbler's sentence was in accordance with the plea agreement, does not exceed the maximum statutory penalty of life imprisonment and is not constitutionally defective. *Lora* was a matter of statutory construction, allowing a judge to impose a consecutive or concurrent sentence rather than mandating a consecutive sentence, and does not hold that the prior construction was constitutionally defective. Thus, Hibbler's claim is precluded by the waiver in the plea agreement.

---

[1] The Eighth Circuit Court of Appeals has not addressed whether *Lora* applies retroactively. At least one other court has held that *Lora* does not apply retroactively on collateral review. *See Polk v. United States*, No. 17-CR-7, 2024 WL 3744382, at *2 (S.D. Tex. Aug. 8, 2024). Additionally, the Eighth Circuit has denied motions to file successive § 2255 motions to consider this issue. See *Gatling v. United States*, No. 4:24-CV-348 RWS, 2024 WL 1885583, at *1 (E.D. Mo. Apr. 30, 2024), certificate of appealability denied, No. 4:24-CV-348 RWS, 2024 WL 3161698 (E.D. Mo. June 25, 2024), certificate of appealability denied, No. 24-2465, 2024 WL 5319355 (8th Cir. Aug. 23, 2024).

Hibbler acknowledges the waiver in his motion fails to explain how his claim falls outside of that waiver. Doc. 1 at 2-3. Rather, his motion addresses whether *Lora* applies retroactively as a substantive rule under *Teague v. Lane*, 489 U.S. 288 (1989). Nor does Hibbler assert that the waiver is unenforceable. The law is clear that "a waiver of the right to bring a postconviction challenge is presumptively enforceable, even after the legal landscape shifts." *United States v. Rogers*, No. 16-CR-00530, 2024 WL 866172, at *3–4 (E.D.N.Y. Feb. 28, 2024) (quoting *Cook v. United States*, 84 F.4th 118, 125 (2d Cir. 2022)). Had Hibbler wished to "maintain his right to collaterally attack his conviction in the event of unforeseen legal developments" then he could have "attempt[ed] to negotiate more favorable waiver terms with the government before pleading guilty." *Id.* Here, the Government agreed not to pursue other charges or arguments that could have resulted in a higher sentence and there is no reason not to enforce the parties' agreement.

Finally, even if Hibbler's appeal waiver was inapplicable or unenforceable, his claim would fail. Assuming *Lora* applies retroactively, thereby giving me discretion to opt for either a concurrent or consecutive sentence, Hibbler's sentence would not decrease. As noted above, the Rule 11(c)(1)(C) plea agreement stipulated to a 35-year sentence. The focus of the sentencing hearing was whether that sentence was sufficient in view of the heinousness of the crime. After considering numerous victim impact statements, I stated that "[i]t is . . . one of the more grievous and horrible cases that our court will ever see and I've taken that into consideration."[2] 9/1/2016 Sentencing Hearing. I stated that even though 35 years is lengthy:

> It's probably not long enough. In fact, it really isn't long enough in a lot of ways. . . . After giving it a lot of thought, considering all of the factors, considering Mr. Hibbler's history, I am going to accept the agreement. I will say that if Mr. Hibbler went to trial and was convicted on these charges,

---

[2] Because an official transcript of the sentencing hearing was not prepared, I reviewed the court's unofficial and unedited transcript of that hearing.

6

his sentence would be longer.  I'm almost convinced of that.  I think a life sentence would be perfectly appropriate in this case.

*Id.*  I further stated:

> Having good lawyers on both sides who have reached an agreement at a level that maybe is lower than what I would have arrived at if I had my own discretion.  I can't say that it is unreasonable and so I place a lot of weight in that.  So it is my finding that the parties' recommended sentence of 35 years is acceptable to the court and I do therefore accept the Rule 11(c)(1)(C) plea agreement in this case.

*Id.*  Turning to the waiver, I noted that:

> [the appeal and collateral attack waiver] is an important part of the parties' plea agreement and helped convince me that the recommended sentence is appropriate in this case because of the finality.  That there won't be a series of appeals and the possibility that [the victim's] family will be drug into a never-ending series of appeals and habeas petitions and other litigation.

*Id.*  As such, the record is clear that I would not have opted for a lower sentence than that agreed to in the plea agreement.  For all of these reasons, Hibbler's claim will be denied.

## IV.    CERTIFICATE OF APPEALABILITY

In a § 2255 proceeding before a district judge, the final order is subject to review on appeal by the court of appeals for the circuit in which the proceeding is held.  *See* 28 U.S.C. § 2253(a).  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  *See also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right.  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  To make such a

7

showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)).

Courts reject constitutional claims either on the merits or on procedural grounds. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, the movant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

In this case, I find that it is not debatable whether Hibbler's claim is barred. As such, I decline to grant a certificate of appealability. If Hibbler desires further review of his 28 U.S.C. § 2255 motion, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

## V.    CONCLUSION

For the reasons set forth herein:

1.    Because Hibbler's claim in his pro se motion (Doc. 1) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is precluded by the plea agreement waiver, and would fail in any event, the motion is **denied** and this action is hereby **dismissed**.

2.    A certificate of appealability shall **not issue**.

3.    The Clerk of Court shall **close this case**.

8

**IT IS SO ORDERED** this 7th day of May, 2025.

_____
Leonard T. Strand
United States District Judge

9